UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMERICAN POSTAL WORKERS UNION, AFL-CIO, QUEENS AREA LOCAL,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

**COMPLAINT**

Civil Action No. ____________

1. Plaintiff American Postal Workers Union, AFL-CIO, Queens Area Local, by and through its undersigned attorneys, Blitman & King LLP, as and for its Complaint against Defendant United States Postal Service to confirm the Award of Arbitrator Frank E. Giordano dated October 13, 2025 with Addendum and Decision on the Remedy dated March 20, 2026 ("Award"), a true and accurate copy of which is annexed hereto as "Exhibit A," pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208, respectfully alleges as follows:

**JURISDICTION & VENUE**

2. The jurisdiction of this Court is invoked pursuant to 39 U.S.C. §§ 409 and 1208.

3. Venue in this action lies in the Eastern District of New York pursuant to 39 U.S.C. § 1208(c) and 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff American Postal Workers Union, AFL-CIO, Queens Area Local ("Plaintiff" or "Union") is an unincorporated labor organization with its principal place of business located

at 98-11 101st Avenue, Ozone Park, New York 11416. The Union is a "labor organization representing Postal Service employees" under 39 U.S.C. § 1208(b).

5. Defendant United States Postal Service ("Defendant" or "Postal Service"), according to 39 U.S.C. § 201, is an independent establishment of the executive branch of the Government of the United States with a place of business located at the John F. Kennedy Airport, 250 N. Boundary Road, Jamaica, New York 11430, and a principal place of business located at 475 L'Enfant Plaza, SW, Washington, DC 20260.

**FACTUAL ALLEGATIONS**

6. The Union is the exclusive collective bargaining representative of a bargaining unit of Postal Service employees in various crafts and departments at a Postal Service facility located at the John F. Kennedy Airport in Queens, New York.

7. The Union and the Postal Service are, and at all relevant times were, parties to a collective bargaining agreement governing the terms and conditions of employment for the bargaining-unit employees' represented by the Union ("Agreement").

8. At all relevant times, the Agreement contained a grievance procedure culminating in final and binding arbitration.

9. Specifically, the Agreement provided that any dispute, difference, disagreement, or complaint between the parties related to wages, hours, and conditions of employment—including any complaint by the Union involving the interpretation, application of, or compliance with the provisions of the Agreement or any local memorandum of understanding—constituted a grievance subject to the binding grievance-arbitration procedure.

10. At all relevant times, the Agreement provided that unresolved grievances may be appealed to arbitration and that all decisions of an arbitrator will be final and binding.

11. On or about February 22, 2025, the Union filed a grievance in accordance with the Agreement, asserting that the Postal Service violated Article 5 of the Agreement, among other provisions, when it unilaterally discontinued cafeteria services for bargaining-unit employees at the Postal Service's facility located at the John F. Kennedy Airport in Queens, New York ("Grievance").

12. At all relevant times, Article 5 of the Agreement, titled "Prohibition of Unilateral Action," stated: "The Employer will not take any actions affecting wages, hours and other terms and conditions of employment as defined in Section 8(d) of the National Labor Relations Act which violate the terms of this Agreement or are otherwise inconsistent with its obligation sunder law."

13. The parties were unable to resolve the Grievance pursuant to the grievance procedure contained in the Agreement; as such, the Union appealed the dispute to arbitration in accordance with the Agreement.

14. Arbitrator Frank E. Giordano was jointly selected as the arbitrator and heard the dispute in Queens, New York, on September 24, 2025.

15. During the arbitration hearing on September 24, 2025, both parties were present and given a full and fair opportunity to present evidence and make arguments in support of their respective positions.

16. On October 13, 2025, Arbitrator Giordano issued an award sustaining the Grievance, remanding the case back to the parties to negotiate a remedy, and retaining jurisdiction for the purpose of implementation of the award. Ex. A.

17. The parties were thereafter unable to successfully negotiate a mutually agreeable remedy and requested further intervention by Arbitrator Giordano pursuant to his retention of jurisdiction for the purpose of implementation of his October 13, 2025 award.

18. On March 20, 2026, the parties appeared telephonically before Arbitrator Giordano during which both parties were given a full and fair opportunity to present their positions concerning an appropriate remedy. Ex. A. The Union proposed a remedy based on a monetary payment of $2,300 per affected bargaining-unit employee, whereas the Postal Service proposed a remedy based on a monetary payment of $1,048 per affected bargaining-unit employee. Ex. A.

19. Arbitrator Giordano thereafter determined, based on the record evidence in the arbitration proceedings, that the amount of $2,300 per affected bargaining-unit employee was fair, reasonable, and equitable, and issued an addendum to the October 13, 2025 award and decision on the remedy ordering the Postal Service to provide such remedy. Ex. A.

20. Throughout the arbitration process and in issuing the Award, Arbitrator Giordano acted within the scope of its authority.

21. The Award was based on the application of the Agreement and drew its essence from the Agreement.

22. The Award was not procured through fraud, dishonesty, corruption, or other undue means.

23. The Award was not affected by bias or partiality.

24. The Award was not made in manifest disregard of the law or in violation of public policy.

25. Since the time the Award was issued, the Postal Service has refused to comply with the same in violation of the Agreement; the Postal Service has not paid the monetary remedy required by the Award.

26. The Postal Service's refusal to comply with the Award is without justification.

27. The Postal Service has not sought to vacate the Award and the limitations period applicable to vacatur proceedings has expired.

28. Upon information and belief, the Postal Service has refused to comply with the Award in bad faith, vexatiously, wantonly, and/or for oppressive reasons.

29. The Union has been injured as a direct result of the Postal Service's refusal to comply with the Award and the Agreement.

## CAUSE OF ACTION

### To Confirm an Arbitration Award Issued Pursuant to a Collective Bargaining Agreement Postal Reorganization Act, 39 U.S.C. § 1208

30. The Union repeats and realleges each and every allegation set forth in paragraphs 1-29 above as if fully set forth herein.

31. The parties have agreed to final and binding arbitration pursuant to a collective bargaining agreement.

32. The Postal Service has refused, without justification, to comply with the final and binding award of Arbitrator Frank E. Giordano dated October 13, 2025 with addendum and decision on the remedy dated March 20, 2026. Ex. A.

33. By refusing to comply with that final and binding award, the Postal Service has violated the Agreement and caused injury to the Union.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff American Postal Workers Union, AFL-CIO, Queens Area Local respectfully requests that the Court enter judgment:

a. Finding that Defendant United States Postal Service has breached the Agreement by refusing to comply with the Award of Arbitrator Frank E. Giordano dated October 13, 2025 with Addendum and Decision on the Remedy dated March 20, 2026 (Ex. A);

b. Ordering Defendant to immediately comply with the Award of Arbitrator Frank E. Giordano dated October 13, 2025 with Addendum and Decision on the Remedy dated March 20, 2026, and pay the monetary remedy provided for therein;

c. Awarding reasonable attorney's fees and costs of the litigation to Plaintiff; and

d. Granting such other and further relief as the Court may deem just and proper.

DATED: October 12, 2026

**BLITMAN & KING LLP**

s/ *Brian J. LaClair*
Brian J. LaClair (BL6785)
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
(315) 422-7111
bjlaclair@bklawyers.com

*Attorneys for Plaintiff American Postal Workers Union, AFL-CIO, Queens Area Local*